UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

DANIELLE DIGIACOMO, on behalf of
herself and all others similarly
situated

                Plaintiff,            **MEMORANDUM AND ORDER**

                                            16-CV-1875 (KAM)(RER)

      -against-


MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING, LLC, and ENCORE
CAPITAL GROUP, INC.,

                Defendants.
----------------------------------------X

**MATSUMOTO, United States District Judge**:

        On April 18, 2016, defendants Midland Credit Management, Inc. ("MCM"); Midland Funding, LLC; and Encore Capital Group, Inc., removed to federal court an action brought by plaintiff Danielle DiGiacomo ("plaintiff" or "DiGiacomo"), in which plaintiff had asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and New York General Business Law § 349. (ECF No. 1, Notice of Removal.) Plaintiff ultimately filed a second amended complaint in federal court based solely on alleged violations of the FDCPA. (ECF No. 37, Second Amended Complaint ("Sec. Am. Compl.").) The defendants moved to dismiss the complaint for failure to state a claim. (ECF No. 38, Notice of Motion.) The

1

court referred the motion to dismiss to the Honorable Ramon E. Reyes, United States Magistrate Judge, on October 12, 2018.

Presently before the court is a report and recommendation issued on February 22, 2019 by Judge Reyes, recommending that the court grant the defendants' motion to dismiss. (ECF No. 46, Report and Recommendation ("R&R")). Plaintiff timely objected to Judge Reyes's R&R. (ECF No. 48, Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Ramon E. Reyes ("R&R Objections")). The defendants responded. (ECF No. 49, Defendants' Reply Memorandum of Law to Plaintiff's Objections.) For the reasons set forth below, the court adopts Judge Reyes's R&R in part.

## BACKGROUND

On January 22, 2008, Midland Funding LLC, a Delaware corporation, filed an application with New York state for authorization to do business in New York as a foreign corporation. (ECF No. 37, Sec. Am. Compl. ¶ 43.) The same day, because another entity had registered the name "Midland Funding," Midland Funding, LLC registered the fictitious name "Midland Funding of Delaware, LLC." (*Id.* ¶¶ 44-45.) On December 31, 2009, Midland Funding, LLC filed a lawsuit against plaintiff in state court to recover a debt obligation. (*Id.* ¶¶ 35, 37.) The case was captioned "Midland Funding LLC, DBA in New York as Midland Funding of Delaware LLC vs. Digiacomo,

2

Danielle." (ECF No. 39-3, Def. Mem. Ex. C, Case Detail at 2.) On June 21, 2010, the clerk of court entered a judgment in favor of "Midland Funding, LLC DBA in New York as Midland Funding of Delaware LLC." (ECF No. 39-4, Def. Mem. Ex. D, Judgment at 2-3.)

On October 14, 2011, Midland Funding, LLC filed a Certificate of Amendment with New York in which it withdrew its registration of "Midland Funding of Delaware, LLC" as a fictitious name; it would then be registered in New York solely as "Midland Funding, LLC." (ECF No. 37, Sec. Am. Compl. ¶¶ 46-48; ECF No. 39-5, Def. Mem. Ex. E, Certificate of Amendment at 2-3; *see also* ECF No. 39-2, Def. Mem. Ex. B, NYS Department of State Entity Information at 3 (reflecting Midland Funding, LLC's name history in New York).) On November 24, 2014, Midland Funding, LLC caused an information subpoena to be issued to plaintiff in the name of "Midland Funding, LLC, DBA in New York as Midland Funding of Delaware, LLC through their attorneys, Pressler & Pressler."[1] (ECF No. 37, Sec. Am. Compl. ¶ 49.)

---

[1] Plaintiff alleges in the Second Amended Complaint that the subpoena was issued to her on November 24, 2014. (ECF No. 37, Sec. Am. Compl. ¶ 49.) She indicates that a copy is attached to the complaint, but no copy was filed with it. The defendants state that a subpoena was issued to Bank of America on November 25, 2014. (ECF No. 39, at 7.) Defendants produced a copy of this subpoena, which is addressed to Bank of America. (ECF No. 20-1, Information Subpoena.) That subpoena was issued on behalf of "Midland Funding LLC, DBA in New York as Midland Funding of Delaware, LLC." (*Id.* at 2, 4.) The parties' papers do not suggest that the discrepancy regarding the identity of the entity to whom subpoena was issued is relevant for resolving this matter.

3

In plaintiff's original complaint, she alleged that the defendants, despite filing a Certificate of Amendment, "continued to prosecute the action against plaintiff in the name of Midland Funding of Delaware, LLC," which she claimed was a false name that violated 15 U.S.C. § 1692e(14), which states, in relevant part, that a debt collector's use of a name other than its "true name" is a violation of the FDCPA. (ECF No. 13, Complaint ¶¶ 20-24.) Plaintiff ultimately alleged in her second amended complaint that "[b]y issuing an information subpoena in the name of Midland Funding, LLC DBA in New York as Midland Funding of Delaware, LLC, defendants used a name other than their 'true name' in the information subpoena." (ECF No. 37, Sec. Am. Compl. ¶ 51.) Plaintiff argued that this violated § 1692e(14) and was a false/deceptive means of collecting a debt in violation of § 1692e generally. (*Id.* ¶¶ 54-55.) Defendants moved to dismiss for failure to state a claim and the court referred the motion to Magistrate Judge Reyes.

## LEGAL STANDARD

### I. Review of R&R

A district court may refer a dispositive motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation, "any party may serve and file written objections." *Id.; accord* Fed. R. Civ. P. 72(b) ("[A] party may

4

serve and file specific written objections to the proposed findings and recommendations."). The district court shall then review the portions of the report and recommendation to which a party has timely objected under a *de novo* review standard, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b) . . . ."). The court also may adopt "those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018).

## DISCUSSION

Judge Reyes recommended that the court dismiss this action for failure to state a claim. (ECF No. 46, R&R at 1.) The R&R concluded that plaintiffs failed to establish that defendant Encore is a "debt collector" under the FDCPA. (*Id.* at

5

3-4.) The R&R also concluded that the plaintiff did not have a viable FDCPA claim under 15 U.S.C. § 1692e because the defendants' alleged misrepresentation, using a false name, was immaterial. (*Id.* at 4-5.) Having reviewed the R&R both for clear error and *de novo*, the court finds no clear error, and further finds on *de novo* review that the court should dismiss the complaint. As set forth below, the court adopts Judge Reyes's report and recommendation for substantially the same reasons. The court addresses plaintiffs' objections below.

**I. Plaintiffs' Objections**

A. Violation of 15 U.S.C. § 1692e

Plaintiff objects on several grounds to the R&R's conclusion that the defendants' alleged violation of 15 U.S.C. § 1692e was immaterial. (ECF No. 48, R&R Objections at 10-14.) Plaintiff argues that the R&R's reasoning is incorrect to the extent that Judge Reyes relied on plaintiff's litigation history with the defendants to evaluate the materiality of the use of a false name in the subpoena. Rather, plaintiff argues that materiality is an objective standard based on the hypothetical least sophisticated consumer. (*Id.* at 11.) Plaintiff also argues that the FDCPA is a strict liability statute, and that the R&R should therefore have concluded that the use of an unregistered fictitious name was a *per se* violation of the

statute.  (*Id.* at 12-13.)  The court considers and applies the standard that should govern plaintiff's objections below.

"The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" is a violation of Section 1692e of the FDCPA.  15 U.S.C. § 1692e(14).  The statute generally provides that "[a] debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt."  15 U.S.C. § 1692e.

"[W]hether a communication is false, deceptive, or misleading . . . is determined from the perspective of the objective least sophisticated consumer" and a communication "can be deceptive if [it is] open to more than one reasonable interpretation, at least one of which is inaccurate."  *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (citation and internal quotations omitted).  This standard "pays no attention to the circumstances of the particular debtor in question . . . [and] the operative inquiry . . . is whether the hypothetical least sophisticated consumer could reasonably [mis]interpret the . . . [statement] . . . ."  *Easterling v. Collect, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  The least sophisticated consumer "lacks the sophistication of the average consumer and may be naïve about the law, but is rational and possesses a rudimentary amount of information about the world."

7

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 135 (2d Cir. 2017) (citing *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)).

The focus of the objective least sophisticated consumer standard "ensures the protection of all consumers, even the naïve and the trusting, against deceptive debt collection practices, *and* . . . protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993) (emphasis added).

The Second Circuit has required that "the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." *Cohen*, 897 F.3d at 85 (2d Cir. 2018). "[C]ommunications . . . that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012). "By contrast, 'mere technical falsehoods that mislead no one' are immaterial and consequently not actionable under § 1692e." *Cohen*, 897 F.3d at 86.

Plaintiff's complaint does not allege sufficient facts to establish that the defendants acted in a way that could

8

mislead the least sophisticated consumer. The inclusion of a fictitious DBA name, previously used to obtain a judgment, in a post-judgment information subpoena, alongside the current, substantially similar registered business name, would not confuse the least sophisticated consumer. The acronym "DBA" does not suggest that there are multiple companies to whom a debt might be owed. Rather, it suggests that there is one entity, Midland Funding, LLC, that is known by two names, and that that one entity is the sole debt collector. *See Suquilanda v. Cohen & Slamowitz, LLP*, No. 10 CIV. 5868, 2011 WL 4344044, at *6 (S.D.N.Y. Sept. 8, 2011) ("Because the . . . Letter would not confuse the least sophisticated consumer into believing that two separate entities were attempting to collect her debt and the . . . Letter included . . . the name under which it was licensed to do business, plaintiff has not pled a cognizable violation of section 1692e(14).") Even if the former fictitious name were accepted to be false, its use in the post-judgment information subpoena would not be a material falsehood because the least sophisticated consumer would not be confused by its continued inclusion with the registered name. Although "formerly known as" ("FKA") might be a more appropriate acronym for describing an entity with a changed business name, the use of DBA could only be considered a "mere technical falsehood[] that mislead[s] no one[.]".

Plaintiff's argument that the inclusion of a substantially similar former name alongside a currently registered name creates a false name or misleading statement is unpersuasive. "Although the FDCPA does not say 'what a "true name" is, its import is straightforward: A debt collector may not lie about his institutional affiliation.'" *Sheriff v. Gillie*, 136 S. Ct. 1594, 1602 (2016) (citing *Gillie v. Law Office of Eric A. Jones*, 785 F.3d 1091, 1115 (Sutton, J., dissenting)). Moreover, the FTC's interpretive guidance on Section 1692e(14) supports the view that use of a name that identifies the correct debt collector does not violate the statute. *See* FTC, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,097, 50,107 (Dec. 13, 1988) ("A debt collector may use a name that does not misrepresent his identity or deceive the consumer. Thus, a collector may use its full business name [or] the name under which it usually transacts business . . . . When the collector uses multiple names in its various affairs, it does not violate this subsection if it consistently uses the same name when dealing with a particular consumer.").[2] Here, the plaintiff alleges that

---

[2] "Although the FTC Staff Commentary is likely not entitled to Chevron deference, we look to the FTC's informal opinions as persuasive authority." *Vincent v. The Money Store*, 736 F.3d 88, 101 n.12 (2d Cir. 2013).

defendants consistently used the same name when dealing with her.

Because the court has determined that defendants' use of a former, unregistered name would not mislead the least sophisticated consumer (or be a material falsehood), there was no violation for which the defendants could be held strictly liable. "Debt collectors that violate the FDCPA are strictly liable, meaning that 'a consumer need not show intentional conduct by the debt collector to be entitled to damages.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (citing *Russell v. Equifax A.R.S.*, 74 f.3d 30, 33 (2d Cir. 1996)). "The FDCPA is a strict liability statute . . . and the degree of a defendant's culpability may only be considered in computing damages[.]" *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1320; 15 U.S.C. ¶ 1692k(b)). In *Bentley*, the Second Circuit disagreed with a district court's finding that inaccuracies in a collection letter were violations of the FDCPA, but were non-actionable. *Id.* Here, defendants' use of a former name, even if inaccurate at the time the information subpoena was issued, is not a violation of the FDCPA. The Second Circuit's clarification in *Cohen* that statements must be materially false or misleading to be actionable under the FDCPA

confirms that a party is not strictly liable for minor, technical errors.

### B. Encore's Status as a Debt Collector

Plaintiff disagrees with R&R's conclusion that defendant Encore is not a debt collector under the FDCPA. (ECF No. 48, R&R Objections at 9-10.) Plaintiff argues that Judge Reyes's decision is premature on this ground, and she further argues for the first time that the court should take judicial notice of a consent order issued by the Consumer Financial Protection Bureau ("CFPB") in an administrative proceeding which involved all the defendants named in this action. (*Id.* at 9.) Plaintiff claims that in the administrative proceeding, "it was alleged that Encore dominated the existence of MCM and [Midland Funding], such that they operated as a single entity." (*Id.*) Plaintiff argues that she should be allowed to take discovery to establish the purported relationship among the defendants. (*Id.*)

"A district court will ordinarily refuse to consider new arguments, evidence, or law that could have been, but was not, presented to the magistrate judge." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014). "Absent a most compelling reason, the submission of new evidence in conjunction with objections to the Report and Recommendation should not be

12

permitted." *Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005).

Based on the record before him, Judge Reyes correctly determined that plaintiff had not previously put forth any factual allegations supporting a claim of Encore's liability in this case. Plaintiff cannot now add facts not previously alleged or raised in her opposition to the defendants' motion in a belated attempt to establish that Encore is a debt collector under the FDCPA through reference to the consent order attached to her objections. (*See* ECF 48-1, R&R Objections Ex. 1, 2015-CFPB-0022 Consent Order ¶ 20 ("[Encore Capital] is also a 'debt collector' as defined in Section 803(6) of the FDCPA.").)

Plaintiff offers no explanation why she neglected to allege facts regarding the CFPB consent order in her original complaint, first amended complaint, second amended complaint, or memorandum in opposition to defendants' motion to dismiss. The court need not take judicial notice of the consent order in the Consumer Financial Protection Board's proceeding mentioning that Encore is a debt collector. But, even if the court considers the CFPB consent order, the court notes that the consent order does not determine that Encore is a debt collector because of the activities of its wholly owned subsidiaries, MCM and Midland Funding, LLC. Regardless, because the plaintiff has not stated a viable claim under Section 1692e by MCM or Midland Funding in

13

this case, she cannot sustain a claim against Encore based on the alleged actions of those entities.

## CONCLUSION

For the foregoing reasons, and upon both clear error and *de novo* review, the court adopts Judge Reyes's Report and Recommendation for substantially the same reasons and dismisses this action. The Clerk of Court is respectfully directed to enter judgment in favor of the defendants and close the case.
**SO ORDERED.**

Dated:    March 26, 2019
             Brooklyn, New York

/s/
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York